### John Slidell *v.* Elizabeth Ann Rightor and others.

Injunctions, arresting summary proceedings, apparently authorized by the parties, are required by the Code of Practice, (arts. 740, 741, 751, 756,) to be tried summarily ; but the parties cannot be deprived of any of the means of procuring evidence, within a reasonable delay.

Appeal from the District Court of Ascension, *Nicholls*, J.

*Beatty* and *T Slidell*, for the appellant.

*Ilsley* and *R. W. Nicholls*, for the defendants.

Bullard, J. This is an injunction to stay proceedings on an order of seizure and sale, sued out by the plaintiff on the following allegations, to wit : That the petitioner, John Slidell, together with others, and particularly H. T. Williams, purchased of Rightor and wife, a large tract of land commonly called the Houma's Grant. That the petitioner's share of the purchase was one-ninth, for which he gave several notes for $3587 85 each, payable at the Union Bank, a part of which have been paid, and that on one of those remaining unpaid this order of seizure has been obtained. The petition alleges, that the proceedings are illegal, because, although the plaintiff is now temporarily absent, he has been for many years domiciled in the city of New Orleans, and has not been duly notified, and that a curator *ad hoc* was improperly appointed to represent him ; that authentic evidence of the mortgage was not submitted to the judge when the order was granted, and that the order called for interest from the 17th

day of May, 1842, whereas it was not exigible until the 22d day of June, when the note was protested, or at least the 20th of May when it came to maturity.

The petitioner alleges, that he is entitled to have the sale cancelled and rescinded, because he was induced to become a purchaser of one-ninth by the urgent instance and request and declarations of Henry T. Williams, who pressed him to enter into the contract, Williams being then the Surveyor General of the United States ; that Williams averred himself to be well acquainted with the land and titles, and declared that the title had been fully recognized by the General Land Office of the United States, and that, to deceive the petitioner, he offered to become part purchaser ; but that while making these representations and becoming ostensibly interested in the purchase, Williams was, in truth, a secret partner with Rightor, and jointly interested with him in that portion of the land derived from Laville and Conway, to wit, about forty thousand acres ; that there was a fraudulent combination between Rightor and his wife, and Williams, which entitles him to have the sale thus obtained rescinded ; and that the fraud and collusion had been but recently discovered.

Such, in substance, are the grounds upon which the petitioner sought relief ; but his injunction was dissolved, and he has appealed.

It appears, that on Saturday, the fifth day of the first term after the injunction had been granted, the plaintiff applied for a commission to take the depositions of the Solicitor of the General Land Office and others, at Washington city ; and another, to take that of C. F. Zimpel, at Berlin, in the kingdom of Prussia. This application was supported by his affidavit that the testimony of those witnesses was material to his just defence ; that he could not safely go to trial without it ; and that the affidavit was not made for delay. The commissions were refused, and also a subsequent motion for a continuance, founded on the ground of the absence of other witnesses whose depositions were material. It appears, from a bill of exceptions, that the continuance was refused, because an earlier application should have been made for a commission to take the testimony of the witnesses in New Orleans, the judge being of opinion that a greater degree of dili-

Slidell v. Rightor, and others.

gence is required in cases of injunction, where the proceedings are summary, than in ordinary cases.

It appears to us that the court erred in refusing the commission. The affidavit appears to have been such as is required by article 436 of the Code of Practice, as amended by the act of 1826. Nothing more is required than the oath of the party that the testimony is material. Considering the distance at which the witnesses reside, and the improbability of getting a return of the commission within the time, even if it had been taken out on the first day and before the cause was at issue, we think the application was in time. If it be true, as alleged and sworn to by the plaintiff in the injunction, that Williams, one of the ostensible purchasers, was, in fact, fraudulently colluding with the vendors, and was himself one of them in interest, it is worthy of serious consideration whether it be not such a fraud as vitiates the whole contract. Time and opportunity, we think, ought at least to have been afforded, to furnish evidence in support of such an allegation. Although the Code requires that cases of this kind, which arrest the summary proceedings apparently authorized by the contract between the parties, shall be tried summarily; it does not, by any means, follow, that parties are to be deprived of any of the means of procuring evidence, within a reasonable delay.

It is, therefore, decreed, that the judgment of the District Court be reversed and the injunction reinstated, and that the case be remanded for further proceedings according to law; the appellees paying the costs of the appeal.